UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FAVORITE HEALTHCARE STAFFING, INC.,

                Plaintiff,

v.                                                                                              1:17-CV-0999
                                                                                                     (GTS/DJS)

SARATOGA CENTER FOR CARE, LLC,

                Defendant.
_____

APPEARANCES:                                                                OF COUNSEL:

ANTHONY J. PIETRAFESA, ESQ.                                ANTHONY J. PIETRAFESA, ESQ.
  Counsel for Plaintiff
Nettleton Commons
313 East Willow Street #202
Syracuse, NY 13203

LAW OFFICE OF DAVID J. NOONAN                        DAVID J. NOONAN, ESQ.
  Co-Counsel for Plaintiff
228 Triangle Street
Amherst, MA 01002

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently pending before the Court, in this breach-of-contract action filed by Favorite Healthcare Staffing, Inc. ("Plaintiff") against Saratoga Center for Care, LLC ("Defendant"), is Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55. (Dkt. No. 39.) For the reasons stated below, Plaintiff's motion is granted.

I.      **RELEVANT BACKGROUND**

       **A.**      **Plaintiff's Complaint**

       Liberally construed, Plaintiff's Complaint asserts the following two claims against

Defendant: (1) a claim for breach-of-contract based on Defendant's failure to pay for services in the amount of $79,327.83 plus interest, attorney fees, and costs, as agreed upon in the parties' contractual agreement ("Supplemental Staffing Agreement"), pursuant to New York common law; and (2) a claim for *quantum meruit*, pursuant to New York common law. (*See generally* Dkt. No. 1.) Additionally, Plaintiff's Complaint requests a preliminary injunction against Defendant. (*Id.*)

Generally, in support of these claims, Plaintiff's Complaint alleges, among other things, that Defendant entered into the Supplemental Staffing Agreement with Plaintiff and failed to pay for the services Plaintiff provided for a period of approximately five months (from October 8, 2016, through March 21, 2017). (*Id.*) Plaintiff further alleges that Defendant is showing signs of becoming insolvent and Plaintiff seeks pre-judgment relief to afford it security. (*Id.*) Familiarity with the remaining factual allegations supporting these claims is assumed in this Decision and Order, which is intended primarily for review of the parties.

### B. Relevant Procedural History

On October 25, 2017, Plaintiff served, *inter alia,* its Summons and Complaint on Defendant. (Dkt. No. 8.) On December 2, 2017, Plaintiff requested an entry of default. (Dkt. No. 9.) On December 5, 2017, the Clerk of the Court entered default against Defendant, pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 10.) On January 25, 2018, pursuant to a stipulation (Dkt. No. 16), the Court vacated the entry of default and ordered Defendant to answer the Complaint by February 15, 2018. (Dkt. No. 17.) On February 25, 2018, Defendant filed its Answer. (Dkt. No. 18.)

### C. Plaintiff's Motion for Default Judgment and Defendant's Non-Response

On July 19, 2018, Defendant's former counsel, Richard Scharlat, moved to withdraw as counsel. (Dkt. No. 24.) On July 31, 2018, by Text Order, a motion hearing was scheduled for September 6, 2018, at which Attorney Scharlat and a representative of Defendant were directed to appear in person. (Dkt. No. 25.) Also on July 31, 2018, the motion to withdraw and Text Order of July 31, 2018, were served on Defendant. (Dkt. No. 26.) On September 4, 2018, Attorney Scharlat filed a supplemental affidavit in support of his motion to withdraw (Dkt. No. 27), which was served on Defendant on September 5, 2018. (Dkt. No. 28.)

On September 6, 2018, a motion hearing was held before U.S. Magistrate Judge Daniel J. Stewart, where Attorney Scharlat appeared but Defendant did not. (Text Minute Entry dated Sept. 6, 2018.) The hearing was adjourned to September 25, 2018 (Text Minute Entry dated Sept. 6, 2018), but was rescheduled by Text Order dated September 19, 2018, and changed to a telephone conference to be held on September 26, 2018. (Dkt. No. 31.) The Text Order of September 19, 2018, directed Attorney Scharlat and a representative of Defendant to appear (Dkt. No. 31), and was served on Defendant on September 20, 2018. (Dkt. No. 32.)

On September 26, 2018, Attorney Scharlat appeared for the telephone conference but Defendant did not. (Text Minute Entry dated Sept. 26, 2018.) On September 27, 2018, the Court issued an Order granting Attorney Scharlat's motion to withdraw and staying this matter for forty-five (45) days to provide Defendant with an opportunity to retain new counsel. (Dkt. No. 34.) To date Defendant has not appeared with counsel. (*See generally* Docket Sheet.)

On February 15, 2019, Plaintiff filed the current motion for default judgment against Defendant, pursuant to Fed. R. Civ. P. 55. (Dkt. No. 39.) As of the date of this Decision and

Order, Defendant has not filed a response to that motion. (*See generally* Docket Sheet.)

Generally, in support of its motion for default judgment, Plaintiff asserts the following two arguments: (1) Defendant has not appeared through new counsel nor has it otherwise defended itself in this proceeding following Attorney Scharlat's withdrawal from representation; and (2) Defendant has been non-responsive throughout the course of this litigation. (Dkt. No. 39.) Familiarity with the particular grounds for Plaintiff's motion is assumed in this Decision and Order, which, again, is intended primarily for review of the parties.

## II. RELEVANT LEGAL STANDARD

Generally, "Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]).[1] "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as

---

[1] In the Second Circuit, a district court may enter default against a defendant pursuant to Fed. R. Civ. P. 55(a) due to the defendant's failure to defend even after the pleading stage. *City of New York v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 129, 131 & n.18 (2d Cir. 2011); *Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 64 (2d Cir. 1986); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *Christa Const., LLC v. Connelly Drywall, LLC*, 879 F. Supp. 2d 389, 392 (W.D.N.Y. 2012).

4

true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc.*, 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. In calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

III.   **ANALYSIS**

   A.   **Whether Default Should Be Entered Against Defendant**

As set forth above in note 1 of this Decision and Order, the Court is empowered to enter default against a defendant who has failed to defend an action even after it has filed an answer. "[T]he Second Circuit has repeatedly affirmed district court cases that granted default judgments against corporate defendants that were specifically instructed to retain counsel by a certain date, yet failed to do so." *Grant v. West*, 97-CV-6560, 2001 WL 1597804, at *4 (E.D.N.Y. Nov. 6, 2001) (collecting cases); see *also Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006) ("[I]t is settled law that a corporation may not appear in a lawsuit against it except

through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55, Fed. R. Civ. P."). If the Court is empowered to enter default judgment against a corporate defendant for failing to obtain counsel, the Court is certainly empowered to order an entry of default for failing to obtain counsel.

Here, Defendant was advised on two separate occasions that, as a corporation in federal court, it may not take action in a lawsuit against it without an attorney. (Dkt. No. 33 at 2; Text Notice dated Feb. 15, 2019.) Moreover, Defendant was warned by the Court that failure to obtain legal representation in this matter "may result in a default against it." (Text Notice dated Feb. 15, 2019.) To the date, Defendant has failed to appear through counsel or otherwise appear since September 27, 2018, when Attorney Scharlat's motion to withdraw was granted. (Dkt. No. 33.)

For all of these reasons, the Court directs the Clerk of the Court to enter default against Defendant.

      **B.**     **Whether Default Judgment Should Be Entered Against Defendant**

          **1.**     **Liability**

After carefully considering Plaintiff's unopposed motion, the Court is satisfied that Plaintiff has met its modest threshold burden of establishing entitlement to default judgment against Defendant on the issue of liability, under the circumstances.[2]

---

[2]     In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).

The Court notes that Plaintiff's motion would survive even the heightened scrutiny appropriate on a contested motion. For example, for the reasons stated above in Part I this Decision and Order, the Court finds that due notice of this action has been given to Defendant. Moreover, Plaintiff has served Defendant with its motion for default judgment. (Dkt. No. 39, at 2; Dkt. No. 39, Attach. 1, at 5; Dkt. No. 39, Attach. 2, at 4.) However, Defendant has neither responded to the motion nor appeared in this action.

Finally, the Court finds that the factual allegations of Plaintiff's claims against Defendant are sufficient to state a claim upon which relief can be granted. *See W.A.W. Van Limburg Stirum et al. v. Whalen et al.*, 90-CV-1279, 1993 WL 241464, at *4 (N.D.N.Y. June 29, 1993) (Munson, J.) (holding that, "[b]efore judgment can be entered, the court must determine whether plaintiff's factual allegations are sufficient to state a claim for relief . . . the court may exercise its discretion to require some proof of the facts that must be established in order to determine liability") (internal quotations marks omitted).

For each of these reasons, the Court grants Plaintiff's motion for the issuance of default judgment on the issue of liability pursuant to Fed. R. Civ. P. 55(b).

    **2.**    **Damages**

        **1.**    **Unpaid Wages**

After carefully considering Plaintiff's unopposed motion, the Court is satisfied that Plaintiff has met its burden of establishing a valid basis for the damages it seeks with regard to its breach-of-contract claim, under the circumstances. The Court notes that, while a hearing to fix the amount of damages may be conducted,[3] a hearing is not required where the Court has found

---

    3    Fed. R. Civ. P. 55(b).

that there is a basis for the damages specified in the default judgment.[4] Here, the Court has made such a finding.

The evidence establishes that Plaintiff tendered invoices requesting payment for services rendered to Defendant for the time period October 8, 2016, through March 21, 2017, in the amount of at least $79,327.83,[5] and Defendant has failed to pay those invoices. In support of its damages request, Plaintiff provided, *inter alia*, the signed contractual agreement between the parties,[6] the unpaid invoices tendered to Defendant,[7] and checks that Defendant paid to Plaintiff

---

[4] *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (affirming damages where the "District Judge properly held: '[A]lthough the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing. Rather, as was done in this case, the court may rely on detailed affidavits or documentary evidence (here supplemented by the court's personal knowledge of the facts, derived from presiding at trial) to evaluate the proposed sum'" and noting that "it [is] not necessary for the District Court to hold a hearing as long as it ensured that there was a basis for the damages specified in the default judgment"); *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (noting that it is "not necessary for the district court to hold a hearing to fix damages after a default judgment had been entered where the court had 'relied upon detailed affidavits and documentary evidence supplemented by the District Judge's personal knowledge of the record gained during four years involvement with the litigation . . .'"); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991) (concluding that, where district judge was "inundated with affidavits, evidence, and oral presentations" a full evidentiary hearing was not necessary).

[5] The Court notes that, in both its Complaint and Motion, Plaintiff requests $79,327.83, in damages. Based on the summary of invoices tendered to Defendant, it appears Plaintiff was owed $86,655.77. (Dkt. No. 1, Attach. 1, at 11-16.) Furthermore, it appears this amount should be reduced by $6,759.00, which Defendant paid on October 21, 2016, towards Invoice Number 1025094. (Dkt. No. 1, Attach. 1, at 19.) As a result, the Court determines that the total amount due to Plaintiff may be $79,896.77. However, the Court defers to the amount requested by Plaintiff.

[6] (Dkt. No. 1, Attach. 1, at 2-9.)

[7] (Dkt. No. 1, Attach. 1, at 11-16.)

for services rendered before October 8, 2016.[8]

For all of these reasons, the Court finds that Plaintiff has met its burden of establishing a valid basis for the damages and is awarded damages in the amount of $79,327.83.[9]

### 2. Attorneys' Fees, Costs and Interest

Generally, pursuant to 29 U.S.C. § 1132(g)(2), Plaintiff is entitled to attorneys' fees and costs incurred in collecting the amounts that Defendant owes it. Plaintiff has requested attorneys' fees, costs, and interest in its Complaint; however, Plaintiff has not requested such fees, costs, and interest in its motion, nor has it provided the Court with any documentation to support such an award. Under the circumstances, the Court declines to grant attorneys' fees, costs, or interest.

**ACCORDINGLY**, it is

**ORDERED** that the Clerk of the Court is directed to enter default against Defendant pursuant to Fed. R. Civ. P. 55(a); and it is further

**ORDERED** that Plaintiff's motion for default judgment against Defendant (Dkt. No. 39) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall enter a default judgment in Plaintiff's favor against Defendant in the amount of **SEVENTY-NINE THOUSAND, THREE HUNDRED TWENTY-SEVEN DOLLARS AND EIGHTY-THREE CENTS ($79,327.83)**.

Date: July 15, 2019

---

[8] (Dkt. No. 1, Attach. 1, at 18-26.)

[9] *See Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *3-4 (finding, in an unopposed motion for default judgment based on an ERISA claim, that plaintiffs were entitled to unpaid contributions, interest on unpaid contributions, liquidated damages, and audit fees in amounts that plaintiffs claimed they were entitled to pursuant to the parties' agreement and/or 29 U.S.C. § 1132[g][2][C]).

Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge